

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,156

### EX PARTE MICHAEL DWAYNE COCHRAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-24656-A IN THE 159TH JUDICIAL DISTRICT COURT FROM ANGELINA COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to sexual assault of a child, and was sentenced to eighteen years' imprisonment. The Ninth Court of Appeals dismissed Applicant's appeal for want of jurisdiction. *Cochran v. State*, No. 09-05-059-CR (Tex. App. – Beaumont, January 18, 2006).

Applicant contends, *inter alia*, that he was denied his right to appeal issues related to his sentencing for this offense. We remanded this application to the trial court for findings of fact and

conclusions of law, and for supplementation of the habeas record with copies of the plea documents.

Based on the supplemental record, it appears that Applicant waived his right to appeal prior to sentencing, and that the waiver was therefore not effective as to any issues arising during the sentencing phase of his trial. Furthermore, the trial court certified that this was not a plea bargain case, and that Applicant had the right to appeal punishment issues. The court of appeals erroneously dismissed Applicant's appeal for want of jurisdiction.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. CR-24656-A from the 159th Judicial District Court of Angelina County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: May 20, 2009
Do Not Publish